UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ANTHONY W. AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:22-cv-00068-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FRANKLIN COUNTY, KENTUCKY, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on three Motions to Dismiss filed by the Defendants. [R. 25; R. 26; R. 27.] Mr. Austin alleges that the Defendants, all of whom are connected to the Franklin County Sherriff's Office, violently assaulted him multiple times on New Year's Day in 2020. [R. 1-1.] All the Defendants argue that Mr. Austin's complaint, filed nearly three years after that conduct, is untimely. [R. 25; R. 26; R. 27.] Mr. Austin asks the Court to find that the statute of limitations was tolled because the Defendants' conduct rendered him incapable of managing his own affairs. [R. 30; R. 31.] Because the Complaint does not plead sufficient grounds to toll the statute of limitations, the Court **GRANTS** the Defendants' Motions to Dismiss **[R. 25; R. 26; R. 27]**.

I

On January 1, 2020, Mr. Austin was involved in a series of alcohol-fueled disputes with his housemates.[1] [R. 23 at 4.] One housemate called the Franklin County Sheriff's Office on

---

[1] Because the Amended Complaint is substantially similar to the original Complaint, these facts are taken from the Court's prior Memorandum Opinion and Order at [R. 22].

Mr. Austin "four times that day." *Id.* at 5. The fourth time, deputies arrested Mr. Austin and he "did not cooperate in being taken away." *Id.* He states that the deputies "physically assaulted, subdued and handcuffed [him], and carried his unconscious body to a FCSO cruiser." *Id.* He believes that one deputy kneed him in the temple but has no personal memory of the subsequent events. *Id.* at 5.

Once Mr. Austin was in the cruiser, he regained consciousness. *Id.* He states that "the cruiser rocked and bucked as the deputies assaulted [him]" while he was handcuffed. *Id.* Mr. Doty, a sergeant at the time, drove him to the Frankfort Regional Medical Center, where he was handcuffed to a bed in the emergency room. *Id.* Mr. Austin was "upset and irritated and may have used a racial slur to refer to a negro Deputy in the room." *Id.* at 6. Mr. Doty "severely chastised" him "and then violently assaulted him, in the presence of the other Deputies in the room." *Id.* Mr. Austin states that this incident was captured on body cameras. *Id.* He states that Mr. Doty attempted to strangle and suffocate him during the encounter. *Id.* After Mr. Austin received treatment, Mr. Doty drove him to the jail. *Id.* Mr. Austin was ultimately charged with menacing, first degree resisting arrest, and disorderly conduct. *Id.*

Mr. Austin states that none of the officers filed a Use of Force Report or reported observing excessive force, which the Department would require in this situation. *Id.* Mr. Austin had no recollection of the events and suspected that his blackouts and injuries were from consuming alcohol. *Id.* at 6-7. He discovered the events in November 2021, when a relative who worked for the Frankfort Police IT department informed him that a video of the encounter existed. *Id.* at 7. He filed an open records request, which was denied but triggered an internal review of the interaction. *Id.* Sheriff Quire reviewed the body camera footage and fired Mr.

Doty. *Id.* at 8. Mr. Austin has since been given access to the videos but claims that one is missing. *Id.*

In August 2023, the Court granted Mr. Austin leave to file an amended complaint. [R. 22.] Mr. Austin filed an amended complaint on September 21, 2023. [R. 23.] In his First Amended Complaint, Mr. Austin includes additional factual assertions at paragraphs 27, 28, and 29 in a seeming attempt to provide a basis for why the statute of limitations should be tolled. *Id.* Mr. Austin claims that he "suffered considerable mental and physical pain and suffering" because of the assault. *Id.* at 9-10. He was diagnosed with "a traumatic brain injury and occipital neuralgia and a variety of related problems, including memory loss, and a progressively deteriorating memory." *Id.* Thus, the Plaintiff argues, he "was of unsound mind and remains of unsound mind as a result of his injuries suffered at the hands of the Defendants," such that "[t]he statute of limitations was tolled until such time as Plaintiff uncovered the cause of his injuries." *Id.* at 10-11. He brings a number of claims against the Defendants under the U.S. Constitution and Kentucky law. *Id.* at 10-12. Across the three Motions to Dismiss, each Defendant seeks dismissal of the Complaint in its entirety. [R. 25; R. 26; R. 27.]

**II**

The Motions to Dismiss are all brought pursuant to Rule 12(b)(6), which tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to

3

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Moreover, the facts that are pled must rise to the level of plausibility, not just possibility; "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### A

The Motions to Dismiss primarily argue that Mr. Austin's claims should be dismissed because they fall outside the statute of limitations. [R. 25-1 at 4; R. 26-1 at 2; R. 27-1 at 4.] All of Mr. Austin's claims, state and federal alike, are governed by a one-year limitations period. Section 1983 does not provide its own limitations period, so federal courts borrow the most analogous statute of limitations from the state where the events occurred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012). In Kentucky, that statute is Ky. Rev. Stat. § 413.140(1)(a), which establishes a one-year limitations period for personal injuries. *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009). The parties agree that this limitations period applies to Mr. Austin's claims. [R. 25-1 at 4; R. 26-1 at 2; R. 27-1 at 4.]; *see also Collard v. Ky. Bd. of Nursing*, 896 F.2d 179 (6th Cir. 1990) (claims brought in Kentucky under 42 U.S.C. § 1983); *Rose v. Oculam*, No. 6:07-336-DCR, 2009 WL 235671, at *3 (E.D. Ky. Jan. 30, 2009) (assault and battery);

4

*Anderson v. Knox Cnty.*, 6:17-133-KKC, 2018 WL 7500205, at *8 (E.D. Ky. Oct. 3, 2018) (failure to intervene claim subject to statute of limitations for underlying claim).  Further, under federal law, a § 1983 claim accrues when a plaintiff knows or has reason to know about his injury.  *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007).  Excessive force claims accrue on the date the excessive force occurred.  *See id*.  Therefore, absent tolling, Mr. Austin would need to file his claims by January 1, 2021, for them to be timely.

The Court may grant a Rule 12(b)(6) motion on statute of limitations grounds where "the allegations in the complaint affirmatively show that the claim is time-barred."  *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013).  "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run."  *Campbell v. Grand Trunk W.R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).  "If the defendant meets this requirement, then the burden shifts to the plaintiff to establish an exception to the statute of limitations."  *Id*.

The Defendants carry their burden to show that the statute of limitations has run.  The events giving rise to this action occurred on January 1, 2020.  [R. 23 at 4.]  This action was filed on November 21, 2022.  [R. 1-1 at 1.]  More than one year passed between the events precipitating the claim and Mr. Austin filing this action, so his claims are untimely.  However, the burden then shifts to Mr. Austin to show that an exception to the statute of limitations applies.  He argues that the limitations period should be tolled because he was of unsound mind when the cause of action accrued.  [R. 31 at 4 (citing Ky. Rev. Stat. Ann. § 413.170(1)).]  This exception applies if the injury giving rise to the cause of action itself causes the state of unsound mind.  *Powell v. Jacor Comms. Corp.*, 320 F.3d 599, 603-04 (6th Cir. 2003).

5

In assessing whether the Complaint is timely, the first question is whether the Complaint alleges the requisite incapacity to toll the statute of limitations. "Once the statute of limitations is raised," the plaintiff bears the burden to produce evidence that he was "rendered incapable of managing his own affairs." *Se. Ky. Baptist Hosp., Inc. v. Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988). Because Mr. Austin's claims are evidently untimely, he must plead the grounds to toll the statute of limitations in his complaint. *Reid v. Baker*, 499 F. App'x 520, 426 (6th Cir. 2012) ("[W]hen the face of a complaint makes it apparent that the time limit for bringing the claim has expired, plaintiff must affirmatively plead why the violations were not discovered earlier and why the statute of limitations should be tolled.").

In his Amended Complaint, Mr. Austin explains in detail the injuries he claims created an unsound state of mind, justifying tolling. He alleges that the defendants "physically assaulted" him, "kneed him in the temple, rendering him unconscious," assaulted him again in the cruiser, then "violently assaulted him" in the emergency room, where Mr. Doty attempted to strangle and suffocate him. [R. 23 at 5.] He claims that this conduct led to a TBI causing frequent headaches and memory loss, including no memories of these events. *Id.* at 5. Further, he references his failure "to remember names of lifelong friends and family and must be constantly reminded of individual's identities." *Id.* at 10. Mr. Austin alleges that he can no longer drive or live alone as a result of the incident. *Id.*

The Defendants argue that Mr. Austin fails to establish this exception. The Franklin County Defendants argue "[n]umerous courts have determined that a person is deemed to be of sound mind when that person takes action regarding a claim." [R. 25-1 at 5.] Thus, Franklin County argues that when Mr. Austin submitted an open records request on November 2, 2021, the clock started to run again. *Id.* Because there is more than a year between November 2, 2021,

6

when the open records request was filed, and November 21, 2022, when the lawsuit was filed, Franklin County contends Mr. Austin's claims are barred by the statute of limitations. Mr. Doty and Sherriff Quire echo this argument. [R. 26; R. 27.]

The Court ultimately agrees with the Defendants. While the Plaintiff has attempted to show his unsound mind in his Amended Complaint, these allegations are insufficient. In the Amended Complaint, the Plaintiff admits that on the urging of one of the Plaintiff's relatives, he inquired into what happened to him and the source of his injuries, which suggests that at this time, he was capable of at least understanding that he may have a potential cause of action. [R. 23 at 7.] *See also Tidaback v. City of Georgetown*, No. 5:15-cv-226-JMH, 2017 WL 1217165, at *5 (E.D. Ky. Mar. 31, 2017); *Amie O'Boyle v. Madison County, Kentucky*, No. 5:23-061-DCR, 2024 WL 3432197, at *5 (E.D. Ky. July 15, 2024) (quoting *Floyd v. Roman Catholic Diocese of Owensboro*, No. 2007-CA-002011-MR, 2008 WL 2550661, at *2 (Ky. Ct. App. June 27, 2008)) ("[M]emory loss [is] [ ] 'not synonymous with being of unsound mind,' especially where there is no evidence the impaired memory rendered the plaintiff incapable of managing their legal affairs.").

The Court finds this action analogous to *Tidaback v. City of Georgetown*. There, the Plaintiff, following her arrest, inquired about what happened to her and the source of her injuries. *Tidaback*, 2017 WL 1217165, at *5. The Court concluded that despite memory loss that occurred as a result of the incident, the fact that the Plaintiff had the wherewithal to inquire suggests "that she was capable of at least understanding that she may have a potential cause of action." *Id. See also Jefferies v. Barnes,* No. 2017-CA-001148-MR, 2019 WL 2246060, at *4 (Ky. Ct. App. May 24, 2019) (noting that unsound mind has come to mean "whether [the claimant] had the mental capacity to take care of her legal affairs in a timely manner").

The Plaintiff, however, attempts to analogize this case to *Green v. Floyd County*, 803 F. Supp. 2d 652, 654 (E.D. Ky. Mar. 17, 2011). *Green* is distinguishable from the present action. In *Green*, the Plaintiff's guardian filed suit on his behalf because the accident rendered him incapable of functioning on his own. Whereas, in this case, Mr. Austin filed an open records request, viewed the body camera footage, hired an attorney, and filed suit—all on his own behalf. The Court does not intend to belittle the effects this incident had on Mr. Austin; nonetheless, the Court cannot conclude that Mr. Austin's injuries as alleged in his Amended Complaint rendered him incapable of managing his own affairs. The first action Mr. Austin took evincing a sound mind was filing an open records request on November 2, 2021, which is at the very latest, when the clock started ticking. As such, the Defendants' Motions to Dismiss [R. 25; R. 26; R. 27] are granted because this action is time barred.

**B**

The Plaintiff also argues for tolling under KRS 413.190(2), which allows tolling if the defendant attempted to conceal his action or obstruct the prosecution of the action. As support, the Plaintiff cites to *Roman Catholic Diocese v. Secter*, 966 S.W.2d 286 (Ky. Ct. App. April 3, 1998). *Secter*, however, stands for the proposition that the statute of limitations may be tolled where a defendant conceals a plaintiff's cause of action "*so that it could not be discovered by the exercise of ordinary diligence on the plaintiff's part.*" *Id.* at 290 (emphasis added). In his Amended Complaint, Mr. Austin noted that he discovered bruises and cuts of unknown origin that day after his arrest. [R. 23 at 7 ("his body having cuts and bruises that he did not know how they happened or their origin").] At the point of discovery, ordinary diligence would dictate promptly investigating the origin of these injuries. The Court finds that because the Plaintiff did

8

not exercise ordinary diligence in discovering the cause of his injuries within the statutory time constraints, KRS 413.190(2) is inapplicable.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Quire's Motion to Dismiss **[R. 27]** is **GRANTED**;

2. Defendant Doty's Motion to Dismiss **[R. 26]** is **GRANTED**;

3. Defendant Curry's Motion to Dismiss **[R. 25]** is **GRANTED**;

4. This matter is **STRICKEN** from the Court's active docket; and

5. Judgment **SHALL** be entered promptly.

This the 26th day of July 2024.

Gregory F. Van Tatenhove
United States District Judge